**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
          *Plaintiff-Appellee,*

v.                                          No. 00-4182

JANE ARLENE WHITE,
          *Defendant-Appellant.*

Appeal from the United States District Court
for the Middle District of North Carolina, at Durham.
W. Earl Britt, Senior District Judge.
(CR-99-226)

Submitted: October 26, 2000

Decided: January 24, 2001

Before WILKINS, WILLIAMS, and MICHAEL, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

### COUNSEL

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant
Federal Public Defender, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Robert M. Hamilton,
Assistant United States Attorney, L. Patrick Auld, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

## OPINION

PER CURIAM:

Jane Arlene White appeals her convictions and sentence for twelve counts of mail fraud in violation of 18 U.S.C. § 1341 (1994). Finding no reversible error, we affirm.

First, White claims that the evidence was insufficient to support her convictions. A reviewing court must uphold a jury's verdict if the evidence, when viewed in the light most favorable to the government, is sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt. *See Glasser v. United States*, 315 U.S. 60, 80 (1942). We have reviewed the record and are satisfied that substantial evidence supports each of White's convictions for mail fraud.

Second, White claims that the district court erred in calculating loss pursuant to *U.S. Sentencing Guidelines Manual* § 2F1.1(b)(1) (1998) ("USSG") and in denying an offense level reduction pursuant to USSG § 2X1.1. The application notes to the guidelines clearly state that "if an intended loss that the defendant was attempting to inflict can be determined, this figure will be used if it is greater than the actual loss." USSG § 2F1.1, comment. (n.8). The record establishes that White sent her credit card solicitation to at least 2000 individuals and was clearly receptive to receiving twenty-five dollars from each of them. We therefore uphold the district court's intended loss calculation of $50,000. Further, White completed all steps necessary to defraud these individuals and is not entitled to a reduction pursuant to USSG § 2X1.1. *See* USSG § 2X1.1(b)(1).

Finally, White claims that the district court engaged in impermissible double counting by imposing cumulative adjustments under USSG §§ 2F1.1(b)(2) and 2F1.1(b)(3) for more than minimal planning and mass-marketing. The record reveals, however, that White's

scheme involved significant planning apart from her use of mass-marketing techniques. We therefore find that these adjustments had two independent bases and thus no double counting occurred.

Accordingly, we affirm White's convictions and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*